IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID McDONALD, #252206, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:08-cv-626-MEF |
| | ) | (WO) |
| KENNETH DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The plaintiff in this case is a state inmate who complains that prison guards assaulted him causing physical injury. In accordance with the orders of the court, the defendants filed a special report. The court then ordered the plaintiff to respond. The court on several occasions granted the plaintiff additional time to respond as ordered but he did not.

After the plaintiff failed to respond after being granted numerous extensions of time to do so, the undersigned recommended that the plaintiff's complaint be dismissed for failure to prosecute. (doc. # 43)  However, the court referred the case back to the undersigned for further consideration of whether Plaintiff's alleged inability to read or write impaired his ability to prosecute this action. Following that referral, the court held an evidentiary hearing.

That hearing lasted seven minutes. The defendants offered no evidence. They did, however, proffer that the plaintiff has completed a 10th grade education and argued that the court should find the plaintiff's learning deficiencies did not impair his ability to respond given the number of documents he filed in the case. The plaintiff admitted he "went" to the 10th grade but stated he cannot read or write. His education was in special education. He

stated that the documents he filed were written by friends in prison and that when he received documents for the court or defendants, he had to get someone to read them to him.

The court concludes that the plaintiff's inability to read and write impaired his ability to respond to the orders of the court. In reaching this conclusion, the court is aware that the plaintiff was able to secure assistance in filing other documents with the court when he was supposed to file a response to the special report. However, the nature of the documents which he did file as compared with what is generally required to file a response to a special report convinces the court that the plaintiff should be afforded a longer period of time to file a response. This will enable the plaintiff to obtain assistance as needed.

Accordingly, it is

ORDERED as follows:

1. That the recommendation of the Magistrate Judge entered on July 9, 2009, be and is hereby WITHDRAWN.

2. That the plaintiff file a response to the special report of the defendants filed on November 24, 2008 (doc. # 20) on or before October 5, 2010.

The Clerk of the Court is DIRECTED to send to the plaintiff a copy of the special report of the defendants filed on November 24, 2008 (doc. # 20) together with any exhibits.

Done this 6th day of July, 2010.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE