IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
NORTHERN DIVISION

| | |
|---|---|
| DAVID McDONALD, #252206, ) | |
| ) | |
| Plaintiff, ) | |
| v.                                   ) | CASE NO. 2:08-cv-626-MEF |
| ) | (WO) |
| KENNETH DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Previously in this case, a Recommendation was entered that this case be dismissed because the plaintiff failed to respond to the order of the court requiring him to file a response to the defendants' motion for summary judgment. That Recommendation was withdrawn, however, after the court found following a hearing that the plaintiff's illiteracy impaired his ability to timely respond. On August 19, 2010, the plaintiff filed a motion for appointment of counsel. The plaintiff contends that because the issues are complex and require research and investigation, the plaintiff requires counsel for his assistance.

Contrary to the plaintiff's contention, there is nothing complex about this case. The plaintiff contends that a prison guard used excessive force against him while he was waiting in the prison healthcare unit for X-rays for a back problem. McDonald alleges that because of pain he was unable to sit down when Officer Davis told him to do so. McDonald alleges that when he did not comply with the officer's order to sit, the officer "slammed" him into a wall and then a water fountain. In short, this is a garden variety

excessive force case about which the law is well established. What is important in this case at this juncture is the facts. The case is pending before the court on the defendants' motion for summary judgment. For the court to decide whether the defendants are entitled to judgment, the court must obtain from the plaintiff his views about the facts. There is no reason why the plaintiff, who has obviously had assistance cannot use that assistance to file a writing with the court setting forth under oath or penalty of perjury his version of what happened.

Inmates pursuing civil remedies have no established right to the appointment of counsel. *See e.g., Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980)(appointment of counsel not required before involuntary transfer of inmate from prison to mental hospital); *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). *Hewitt* merely stated, in dicta, that " *Wolff* [*v. McDonnell*, 418 U.S. 539 (1974)] required ... the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex." 459 U.S. at 465 n. 3. In *Vitek*, a plurality of the Court stated that "prisoners who are illiterate and uneducated have a greater need for assistance in exercising their rights" and that counsel is required for inmates "thought to be suffering from a mental disease or defect requiring involuntary treatment" because "such ... prisoner[s are] more likely to be unable to understand or exercise [their] rights." 445 U.S. at 496-97. These statements, taken together with *Wolff*, do not establish with clarity a right to counsel, and neither do any other controlling cases.

The plaintiff has not demonstrated that he is unable with assistance to respond to

the defendants' motion for summary judgment by the October deadline which affords the plaintiff ample time. Accordingly, the motion for appointment of counsel is DENIED at this time.

Done this 20th day of August, 2010.

                                          /s/Charles S. Coody
                                   CHARLES S. COODY
                                   UNITED STATES MAGISTRATE JUDGE