IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID McDONALD, #252206, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 2:08-cv-626-MEF |
| ) | (WO) |
| KENNETH DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by the plaintiff, David McDonald ("McDonald"), a state inmate. McDonald complains that prison guards assaulted him causing physical injury during his confinement at the Ventress Correctional Facility.

Pursuant to the orders of the court, the defendants filed a written special report supported by relevant evidentiary materials in which they addressed the claims for relief presented by McDonald. The report and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action. The court then ordered the plaintiff to file a response to the written report. *See Order of Nov. 25, 2008* (doc. # 22). The court on several occasions granted the plaintiff additional time to respond as ordered but he did not do so.

After the plaintiff failed to respond after being granted numerous extensions of time, the undersigned recommended that the plaintiff's complaint be dismissed for failure to

prosecute. (Doc. # 43). However, the court referred the case back to the undersigned for further consideration of whether Plaintiff's alleged inability to read or write impaired his ability to prosecute this action. Following that referral, the court concluded that the plaintiff's inability to read and write impaired his ability to respond to the orders of the court. In reaching this conclusion, the court noted that the plaintiff was able to secure assistance in filing other documents with the court when he was supposed to file a response to the special report. However, the nature of the documents which he did file as compared with what is generally required to be filed as a response to a special report convinced the court that the plaintiff should be afforded a longer period of time to file a response, thus enabling the plaintiff to obtain assistance as needed.

On July 6, 2010, the court entered an order giving the plaintiff additional time to file a response to the defendants' special report. (Doc. # 48). The court gave the plaintiff three additional months to file a response. *Id*. The plaintiff did not file a response but instead filed a notice of change of address and a motion for appointment of counsel which was denied. *See* Docs. # 49, 50 & 51.

On April 20, 2011, the court entered an order directing the plaintiff to show cause why this case should not be dismissed for his failure to prosecute this action and for his failure to respond to the orders of the court. (Doc. # 52). The court gave the plaintiff 28 days to file a response to the defendants' special report. *Id*. In response to the court's order, the plaintiff filed a form complaint alleging the same facts contained in his original complaint and another

application to proceed *in forma pauperis*. *See* Doc. # 53.

Filing a form complaint alleging the same facts as contained in the original complaint is not an appropriate response to the court's order directing the plaintiff to file a response to the special report of the defendants.[1] To date, the plaintiff failed to file a response to the defendants' special report in accordance with and as required by the court's prior orders. In light of the foregoing, the court concludes that the plaintiff has abandoned his claims and failed to prosecute this action. The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate and finds that under the facts of this case dismissal is the proper sanction. The plaintiff is an indigent state inmate.

---

[1] The plaintiff was previously advised of the proper manner in which to respond to the defendants' special report. In its November 25, 2008, order, the Court specifically informed the plaintiff

> that at some time in the future the court may treat the defendants' report and the plaintiff's response as a dispositive motion and response. Thus, in filing a response to the defendants' report the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits or other evidentiary materials may result in this court accepting the defendants' evidence as the truth. If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

The plaintiff was further advised that "in preparing a response to the special report filed by the defendants the plaintiff should refer to the requirements of Rule 56, *Federal Rules of Civil Procedure*." He was informed that "[a]n affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Finally, "[i]f [he] [wa]s unable to present, by affidavit, facts essential to justify his opposition to the defendants' report, then plaintiff must file a sworn statement as to why he or she is unable to do so."

Doc. # 22

Moreover, the plaintiff has exhibited a lack of respect for this court and its authority as he has failed to respond to the orders entered in this case even after the court has given him an extraordinary amount of time to do so.  It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing.  Thus, the court finds that the imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual.  Finally, the court observes that the plaintiff has not shown that he is unable to secure assistance in filing documents in this case.  Thus, the court finds that while his limited abilities impair, they do not prevent the plaintiff from responding to the orders of the court. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed for the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this action.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 14, 2011.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of November, 2011.

                                               /s/Charles S. Coody
                                               CHARLES S. COODY
                                               UNITED STATES MAGISTRATE JUDGE